IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH EUGENE HOLLOWAY,<br><br>　　　　Defendant. | Case No. 07-cr-00344 CW<br><br>ORDER DENYING MOTION FOR A REDUCTION OF SENTENCE PURSUANT TO SECTION 404 OF THE FIRST STEP ACT<br><br>(Dkt. No. 77) |

Based on Section 404 of the First Step Act of 2018, Defendant Kenneth Eugene Holloway moves for a reduction of his sentence for possession of cocaine base with intent to distribute from eighty-seven months to seventy-five months, and for a reduction of his term of supervised release from five years to three years.[1] Docket No. 77. The government opposes the motion. Docket No. 80. At the Court's request, the United States Probation Office filed a new Sentence Reduction Investigation Report on June 18, 2019; there, the Probation Office recommends that Holloway's motion be denied. See Report at 4, Docket No. 82. For the reasons set forth below, the Court DENIES the motion.

---

[1] Holloway represents that he "has served approximately 75 months of his 87-month sentence" for the cocaine-base count, and that his current estimated release date is March 12, 2020. See Motion at 2 & n.2. These representations are consistent with the dates listed in the Probation Office's report of June 18, 2019. See Report at 4, Docket No. 82.

BACKGROUND

On January 30, 2008, pursuant to a written Rule 11(c)(1)(C) plea agreement, Holloway pleaded guilty to one count of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii), for possession with intent to distribute 5.6 grams of cocaine base or crack cocaine (count one), and one count of 18 U.S.C. § 924(c)(1)(A), for possession of a firearm in furtherance of a drug-trafficking crime (count three). Plea Agreement ¶ 1, Docket No. 37; Minutes of Plea Hearing, Docket No. 36. At the time that Holloway was arrested for these counts, he was on supervised release in connection with a prior conviction for felon in possession of a firearm. Plea Agreement ¶ 2; see also Case Number 97-cr-40059 CW.

The parties agreed that Holloway's base offense level was twenty-four. Plea Agreement ¶ 7. Based on a three-level reduction for acceptance of responsibility, Holloway's adjusted offense level was twenty-one, id., which carried a Sentencing Guidelines range of seventy to eighty-seven months of imprisonment for the cocaine-base count in light of his criminal history category of V. At the time of Holloway's sentencing, the crack-cocaine count carried a mandatory minimum sentence of five years of imprisonment. Id. ¶ 1. The parties agreed that Holloway's total sentence should range from 144 months to 156 months of imprisonment, five years of supervised release, and a $200 special assessment. Id. ¶ 8.

On April 16, 2008, the undersigned sentenced Holloway to eighty-seven months of imprisonment for the cocaine-base count, and to sixty months of imprisonment for the firearm count, to run consecutively, for a total sentence of 147 months. Judgment at

2, Docket No. 45. The Court also sentenced Holloway to five years of supervised release. Id. at 3.

On July 2, 2012, Holloway moved for a reduction of his cocaine-base sentence under 18 U.S.C. § 3582(c)(2)[2] based on Amendment 750 to the Sentencing Guidelines, which reduced the penalties applicable to cocaine-base offenses. Docket No. 49. The parties agreed that Holloway was eligible for a sentence reduction under this amendment, but the government argued that the reduction should not be granted in light of his criminal history. After noting Holloway's "long and documented history of violence" and that "prior to his recent streak of good behavior, [Holloway] was subject to multiple disciplinary actions in prison," the Court denied the motion on November 1, 2012, finding that the original sentence it imposed was reasonable. Order at 3-4, Docket No. 55.

On September 13, 2016, Holloway again moved for a sentence reduction under 18 U.S.C. § 3582(c)(2), this time based on Amendment 782 to the Sentencing Guidelines, which reduced the base offense levels for certain drug-related offenses. Docket No. 57. Holloway sought a reduction of his total sentence from 147 months to 120 months; the government opposed the motion based on Holloway's history of violence. The government also noted that between 2008 and 2014, Holloway had received eighteen disciplinary referrals in prison, including a referral for

---

[2] 18 U.S.C. § 3582(c)(2) permits a court, after considering any applicable factors set forth in 18 U.S.C. § 3553(a), to reduce a sentence if the sentencing range upon which it was based was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o) and the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

3

threatening bodily harm. Order at 3, Docket No. 61. The Court denied the motion on November 4, 2016, reasoning that the sentence it originally imposed was reasonable in light of the factors set forth in 18 U.S.C. § 3553(a). Id. at 2-3.

Holloway appealed the Court's denial of his second motion for a sentence reduction. Docket No. 62. On December 18, 2017, the Ninth Circuit affirmed the denial, holding that the Court did not abuse its discretion in declining to reduce Holloway's sentence. Disposition, Docket No. 73. The Ninth Circuit reasoned that "Holloway's 147-month sentence is substantively reasonable in light of the Section 3553(a) factors and the totality of the circumstances, including the nature and circumstances of the offense and the history and characteristics of the defendant." Disposition at 1-2.

Holloway now moves for a sentence reduction, this time under the First Step Act of 2018.

## ANALYSIS

I. Holloway is eligible to move for a sentence reduction under Section 404 of the First Step Act

As a threshold matter, the Court considers whether Holloway is eligible to seek a sentence reduction under Section 404 of the First Step Act of 2018. The Court concludes that he is.

The Fair Sentencing Act of 2010, 124 Stat. 2372, which took effect on August 3, 2010, enacted "more lenient mandatory minimum provisions" for convictions for possession of cocaine base. Dorsey v. United States, 567 U.S. 260, 264 (2012). "The [Fair Sentencing] Act increased the drug amounts triggering mandatory minimums for crack trafficking offenses from 5 grams to 28 grams

4

in respect to the 5-year minimum and from 50 grams to 280 grams in respect to the 10-year minimum (while leaving powder at 500 grams and 5,000 grams respectively). The change had the effect of lowering the 100-to-1 crack-to-powder ratio to 18-to-1." Id. at 269 (internal citations omitted). This change is reflected in Section 2 of the Fair Sentencing Act. See 124 Stat. 2372 § 2. "The [Fair Sentencing] Act also eliminated the 5-year mandatory minimum for simple possession of crack." Dorsey, 567 U.S. at 269. This change is reflected in Section 3 of the Fair Sentencing Act. 124 Stat. 2372 § 3.

In 2012, the Supreme Court held that the Fair Sentencing Act's provisions applied prospectively only, such that only offenders who were sentenced on or after the effective date of the Act, August 3, 2010, could benefit from the Act's more lenient penalties. Dorsey, 567 U.S. at 281.

Section 404 of the First Step Act of 2018 makes the Fair Sentencing Act's penalty reductions for crack cocaine retroactive, allowing offenders who were sentenced before August 3, 2010, to move to modify their sentence as if the Fair Sentencing Act had been in effect at the time the crack-cocaine offense was committed. See First Step Act § 404(a)-(b). A court, however, may not consider a motion for a sentence reduction under Section 404 if the movant's sentence was previously imposed or reduced under the Fair Sentencing Act, or if the movant previously moved under Section 404 for a sentence reduction and that motion was denied on the merits. See First Step Act § 404(c).

Here, Holloway meets the requirements of Section 404 for moving for a sentence reduction. He was sentenced on the cocaine-base count, which is a covered offense[3] under Section 404, before August 3, 2010, the effective date of the Fair Sentencing Act. Holloway's sentence was neither imposed nor previously reduced under the Fair Sentencing Act. Holloway has not previously sought a sentence reduction under Section 404. Because the Court concludes, and the government does not dispute, that Holloway is eligible to seek a sentence reduction under Section 404, the Court now turns to the merits of his motion.

## II. A reduction of Holloway's sentence is not warranted

Holloway's motion for a sentence reduction is predicated on the following arguments: (1) that he has served seventy-five months of his eighty-seven-month sentence for the cocaine-base count, which he notes is more than twice the range set forth in the current Sentencing Guidelines (according to Holloway, the current applicable Guidelines range, which the government does not dispute, and which the Court accepts as accurate for the purpose of resolving the present motion, is twenty-seven to thirty-three months for the cocaine-base count, Mot. at 7, Docket No. 77); (2) that his criminal history "cannot outweigh Congress's and the Sentencing Commission's clear recognition that [his] sentence was the product of a profoundly unfair sentencing

---

[3] Section 404 defines "covered offense" as a "violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010." See First Step Act § 404(a). As discussed above, Sections 2 and 3 of the Fair Sentencing Act modified the penalties for cocaine-base offenses.

6

framework," id. at 3; (3) that his disciplinary incidents have "never involved violence or attempted violence," id.; and (4) that he has been "discipline-free" in the last two years and has gained skills through his work assignments, id.

The government opposes the motion, arguing that Holloway's long history of violent offenses, and multiple disciplinary incidents in prison, including after he filed motions for a sentence reduction, counsel against reducing his sentence. Opp'n at 1-3, 5-6, Docket No. 80. The United States Probation Office filed a report recommending that Holloway "not receive any reduction in his original sentence" because of his "conduct in the instant offense, and his violent, victim-oriented criminal history," and because his post-sentencing conduct "has not resulted in significant improvement[.]" Report at 4, Docket No. 82.

The First Step Act does not contain specific guidance as to how a court should resolve a motion for a sentence reduction brought under Section 404. The plain language of Section 404 suggests only that the determination as to whether to reduce a sentence lies within the court's discretion. See First Step Act § 404(b) (providing that a court "may" impose a reduced sentence). "Nothing in [Section 404] shall be construed to require a court to reduce a sentence pursuant to [that] section." See First Step Act § 404(c).

The Court also looks to 18 U.S.C. § 3582, which governs the imposition of sentences of imprisonment, for guidance. That statute provides that a "court may not modify a term of imprisonment once it has been imposed" unless the court finds

7

that one of the exceptions set forth in the statute applies. See 18 U.S.C. § 3582(c).

The first exception, under Section 3582(c)(1)(A), applies if the court finds that "extraordinary or compelling reasons warrant" a reduction, or that the defendant is at least seventy years of age, and the reduction is consistent with applicable policy statements by the Sentencing Commission. The second exception, under Section 3582(c)(1)(B), applies where the sentence modification is "expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." The third exception, under Section 3582(c)(2), applies where the defendant was sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o).

Identifying which of the three Section 3582 exceptions applies to Holloway's motion is relevant to the Court's analysis here because only the first and third exceptions, and not the second, require a court to consider the factors listed in 18 U.S.C. § 3553(a) when considering whether to grant a request for a sentence reduction. Compare 18 U.S.C. § 3582(c)(1)(B) (containing no mention of Section 3553(a) factors) with 18 U.S.C. §§ 3582(c)(1)(A) & 3582(c)(2) (requiring evaluation of Section 3553(a) factors). The Section 3553(a) factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant; the purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid

unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." United States v. Trujillo, 713 F.3d 1003, 1008 (9th Cir. 2013) (citation and internal quotation marks omitted); see also 18 U.S.C. § 3553(a).

Holloway did not indicate in his motion which of the Section 3582 exceptions serves as the vehicle for his request. The Court concludes that Holloway's motion falls within the second exception, Section 3582(c)(1)(B), which applies where the sentence modification is expressly permitted by a statute. Here, the authorizing statute is the First Step Act, Section 404.

After considering the parties' submissions, the Probation Office's report and recommendation, the entire record, and the Section 3553(a) factors[4], the Court concludes that Holloway's original sentence remains reasonable in light of his persistent, violent, and lengthy criminal history; his many disciplinary incidents while in prison (including after he filed his last motion for a sentence reduction); and his history of committing crimes while on supervised release or bail.

The Probation Office filed a report on June 18, 2019, in connection with Holloway's present motion for a sentence reduction. See Report, Docket No. 82. That report provides a comprehensive accounting of Holloway's extensive criminal history, which began in 1980 and includes multiple convictions for serious and violent crimes, such as a juvenile conviction for

---

[4] Although Section 3582(c)(1)(B) does not require a court to consider the factors listed in 18 U.S.C. § 3553(a) when determining a motion for a sentence reduction brought pursuant to that section, the Court will nevertheless consider them here.

9

first-degree murder, an adult conviction for armed robbery, and an adult conviction for assault with a deadly weapon. See id. at 3. Holloway committed one of these crimes, armed robbery, while he was released on bond on the instant offense. Id. This report also shows that, since he was incarcerated for the instant offense, Holloway has received more than eighteen disciplinary referrals, several of which are for threatening bodily harm. Id. at 3-4. Moreover, according to his own submissions in support of his present motion, Holloway has had at least one new disciplinary referral since he filed his last motion for a sentence reduction in 2016. See Bureau of Prisons Summary Reentry Plan, Progress Report at 2, Smarandoiu Declaration, Ex. A, Docket No. 78.

While the Court commends Holloway's efforts to rehabilitate himself while in prison, the Court finds that the same reasons that justified the denial of his last motion for a sentence reduction also compel the same result here. Deterrence will best be achieved, and respect for the law will best be promoted, by Holloway serving his original sentence. Further, the safety of the community will be best protected by maintaining Holloway's original sentence, because he is scheduled to spend the last five months[5] of that sentence in a Residential Reentry Center, Report at 4, which will help enhance his rehabilitation and ease his reentry into society.

Accordingly, in the exercise of its discretion under Section 404, the Court DENIES Holloway's motion. See First Step Act §

---

[5] Holloway is scheduled to enter a Residential Reentry Center on October 10, 2019. Report at 4, Docket No. 82.

404(c) ("Nothing in [Section 404] shall be construed to require a court to reduce a sentence pursuant to [that] section.").

CONCLUSION

The Court DENIES Holloway's motion for a sentence reduction under Section 404 of the First Step Act.

IT IS SO ORDERED.

Dated: July 29, 2019

CLAUDIA WILKEN
United States District Judge